UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LOESCH,

                Plaintiff,              Civil Action No. 12-14797
                                          Honorable Arthur J. Tarnow
                v.                     Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [23, 26]

### I.    INTRODUCTION

Plaintiff Carol Loesch appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [R. 23, 26], which were referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the administrative law judge ("ALJ") properly applied administrative *res judicata* and that substantial evidence supports her findings. For these reasons, the Court RECOMMENDS that the Commissioner's motion [R. 26] be

**GRANTED**, Loesch's motion [R. 23] be **DENIED**, and that the

Commissioner's decision be **AFFIRMED**.

## II.   BACKGROUND

Loesch is a 53-year-old high school graduate who has no difficulty

reading or writing English.  [R. 21-5, Tr. 586, 592].  She is a self-described

"homemaker" who previously worked as a receptionist.  [*Id.*, Tr. 587-88; R.

23, PgID 1057].  Loesch filed two separate applications for DIB[1] alleging

disability based on mental illness and depression.

### A.   Procedural History

#### 1.   Previous Application

Loesch filed her first application for DIB on October 4, 2006.  [R. 21-

5, Tr. 531-33].  The Commissioner denied that claim on March 9, 2007,

finding that Loesch's insured status expired December 31, 1999, and that

none of the evidence she submitted established that she was disabled

before that date.  [R. 21-4, Tr. 485-89].  All of the medical evidence she

submitted in support of her claim was from 2006.  [*Id.*, Tr. 485].  Loesch did

not request review of that decision within the stated time period, rendering

the decision administratively final.  [R. 21, Tr. 44].

---

[1] Loesch also filed applications for Supplemental Security Income, but
those are not before the Court on review.

### 2.   *Current Application*

On June 10, 2008, Loesch filed her second application for DIB,

alleging disability as of July 22, 1991.  [R. 21-5, Tr. 529-30].  The claim was

denied initially on June 16, 2008 [*Id.*, Tr. 499-501], and upon

reconsideration on August 28 and September 2, 2008 [R. 21-4, Tr. 477-82].

Loesch timely requested an administrative hearing [*id.*, Tr. 474], and a

hearing was set for December 10, 2010. [R. 21, Tr. 45].

Prior to the hearing date, an ALJ contacted Loesch's attorney

regarding the lack of any medical records in the file concerning the period

of time between her alleged onset date, July 22, 1991, and her date last

insured, December 31, 1999.  [*Id.*].  The ALJ told Loesch's attorney that

"there was no basis for reopening the 2007 decision" without "new and

material evidence relevant to that period." [*Id.*].  Loesch requested a

postponement of the hearing to obtain additional medical records, which

the ALJ granted with a requirement that Loesch submit any new evidence

within 30 days of the original hearing date. [*Id.*].

Before the 30-day extension expired, Loesch's counsel informed the

ALJ that the evidence he sought – i.e., medical records from the Cruz Clinic

–  were destroyed because they were over ten years old. [R. 21, Tr. 6].

On January 28, 2011, the attorney faxed a letter to the ALJ asking for an

additional extension, stating that he thought the Cruz Clinic records were stored in a suppressed file in the Wayne County Circuit Court as part of a family court case.  [*Id.*].  Ultimately, however, the Cruz Clinic records were not part of the state court records.  [*Id.,* Tr. 6-7].

On February 22, 2011, the ALJ dismissed Loesch's request for a hearing, finding that the doctrine of *res judicata* applied.  [R. 21, Tr. 44-46]. Loesch appealed the dismissal, but the Appeals Council denied Loesch's request for review, making the ALJ's decision the final decision of the Commissioner for purpose of this review.  [*Id.,* Tr. 3-4].  Loesch filed for judicial review of the final decision on October 29, 2012.  [R. 1].

### 3.    *Motion to Dismiss*

On December 28, 2012, the Commissioner moved to dismiss the action for lack of subject matter jurisdiction – citing *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981), for the rule that "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata."  [R. 8, PgID 30]. In response, Loesch argued that her mental illness prevented her from timely appealing the decision in her first application for disability and that failure to toll the deadline for appealing that decision would deny her due process.  [R. 12, PgID 79].  Upon finding that Loesch alleged a colorable

constitutional claim, the Court denied the Commissioner's motion to dismiss and noted that after submission of the complete record and appropriate briefing, it will determine whether substantial evidence supports the ALJ's decision.  [R. 16, PgID 136-37; R. 17].  The record is now complete, and the Commissioner's motion should be granted.

**B.      The ALJ's Application of the Doctrine of *Res Judicata***

An ALJ may dismiss a request for a hearing upon finding that the doctrine of *res judicata* applies.  20 C.F.R. § 404.957(c)(1).  The doctrine of *res judicata* applies where the Commissioner has made a previous determination or decision about the claimant's rights "on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."  *Id.*

However, the deadline for requesting review of a decision may be extended for good cause where a claimant establishes she "lacked the mental capacity to understand the procedures for requesting review."  SSR 91-5p, 1991 WL 208067, at *2-3 (July 1, 1991).  In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, an ALJ must consider the following factors as they existed at the time for requesting review: the claimant's inability to read or write; her lack of facility with the English language; whether she had limited

5

education; and any mental or physical condition limiting her ability to do things for herself. *Id.* at *2.

Moreover, a previous determination can be reopened for good cause – as defined by 20 C.F.R. § 404.989 – within four years of the date of the initial determination. 20 C.F.R. § 404.988(b). In relevant part, good cause exists where a claimant presents "[n]ew and material evidence" or where the evidence considered in making the determination "clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(1), (3).

In her order of dismissal, the ALJ considered both SSR 91-5p and § 404.988 to determine that the prior decision should remain final:

> [T]he deadline for requesting review should not be extended under Social Security Ruling 91-5p because at the time of the previous determination, the claimant had the mental capacity to understand the procedures for requesting review. Although the claimant had been diagnosed with depression, psychiatric notes from 2004 through late 2006[] expressly indicate that the claimant experienced no thought disorders, no disorders of perception, was cooperative, had goal-directed thought process, was alert and had adequate insight and judgment. (5F/2-46) She graduated from high school and did not require special education, and had no record of difficulties with the English language (1E/56). Additionally, none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case.

[R. 21, Tr. 44]. The ALJ further noted that Loesch failed to submit any relevant medical records for the period in issue (i.e., from the alleged onset date to the date last insured) and that she "failed to submit valid

6

documentation of the existence of such records to warrant further extension

of the time for submission of any such records." [*Id.,* Tr. 45]. The ALJ

therefore concluded that "the claimant … failed to demonstrate the

existence of new and material evidence that could support a reopening of

the prior decision, the doctrine of *res judicata* applies, [and] the request for

hearing dated September 30, 2008 is dismissed." [*Id*., Tr. 46].

## III.    STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining

whether the Commissioner's decision is supported by substantial evidence

and was made in conformity with proper legal standards. *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is

"more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted). Only the

evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v.*

*McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). "If the [Commissioner's]

decision is supported by substantial evidence, it must be affirmed even if

the reviewing court would decide the matter differently, and even if

7

substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

## IV.   ANALYSIS

As a preliminary matter, this action is before the Court for review of the ALJ's dismissal of Loesch's second application on *res judicata* grounds. Therefore, the Court must determine whether the ALJ adhered to the applicable *res judicata* standards and whether substantial evidence supports her finding that Loesch possessed the mental capacity to understand the procedure for requesting review of the prior decision.

In her summary judgment motion, Loesch completely disregards the scope of this review – failing to so much as mention the ALJ's decision or the doctrine of *res judicata*. Instead, she attempts to argue the merits of her application for disability benefits, summarily claiming that she suffers from a disabling depressive disorder and requesting the Court to approve her claim for disability benefits.[2] Nevertheless, the Court finds that ALJ adhered to the applicable *res judicata* standards and substantial evidence supports her finding that Loesch had the capacity to file a timely review.

Specifically, the ALJ complied with SSR 91-5p in concluding that Loesch had the mental capacity to understand the procedures for requesting review at the time of the prior decision. She considered each of the factors identified in SSR 91-5p, finding that Loesch was a high-school graduate who had no difficulties with the English language and that Loesch's medical records indicate that she was alert, had no thought disorders or disorders of perception, had a goal-directed thought process, and had adequate insight and judgment. [R. 21, Tr. 44; R. 21-8, Tr. 811-

---

[2] In support of her position, Loesch relies on a letter from Dr. Matthew Sokol, a psychologist, who she began treating with on May 21, 2014. [R. 23-2, PgID 1065]. In the letter, Dr. Sokol opines that – based on two insurance statements from early 2000 – Loesch was disabled as a result of a depressive disorder prior to December 31, 1999. [*Id.*, PgID 1065-67]. Notwithstanding the relevance, if any, of Dr. Sokol's opinion, the Court cannot consider this evidence for the purpose of this review because it was not part of the record before the ALJ. See *Bass*, 499 F.3d at 512-13.

24, 882-83].  Loesch does not cite any evidence that undermines the ALJ's

conclusion, so the ALJ's finding that Loesch possessed the mental capacity

to understand the procedure for requesting review of the prior decision is

supported by substantial evidence.

Furthermore, the ALJ's finding that good cause under § 404.989 did

not exist to reopen the prior decision is supported by substantial evidence.

Loesch failed to present "new and material evidence" regarding the

relevant time period, and the evidence in the record does not "clearly

show[] on its face that an error was made."  *See* 20 C.F.R. § 404.989(a)(1),

(3).  In fact, Loesch failed to submit any evidence from the relevant time

period despite the fact that the ALJ granted her an extension do so.

The ALJ properly applied administrative *res judicata*, and her decision

is supported by substantial evidence.

## V.    CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the

Commissioner's motion [R. 26] be **GRANTED**, Loesch's motion [R. 23] be

**DENIED**, and this case be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 2, 2015

10

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager